Palmer Contra.

----o----

# Common Pleas of Luzerne.

### C. P. MATTHEWS ET. AL vs. THE CITY OF SCRANTON.

FIRST—The plaintiffs presented their affidavit showing a violation of the injunction heretofore granted by the Court below and continued on appear by the Supreme Court as to certain matters therein contained. The complainant's affidavit was directed to be filed and thereupon the Court granted a rule to show cause why the several persons named in the affidavit of complainant should not be committed for contempt. The affidavit was not filed of record nor the rule based thereon, but copies thereof were made and served upon each of the parties alleged to be in contempt. Upon the coming in of the rule and the hearing thereon counsel for the defendants objected that the whole proceedings were irregular; that the original complaint should have been filed and the order for the rule therewith, and a certified copy served upon each of the defendants. HELD—That the proces s of attachment for contempt is a summary remedy and although in its nature partakes of a civil emel; to enforce obedience to the decree of the Court, yet it is the duty of

the party piaying for the attachment to pursue the ordinary practice of filing all papers, connected with tl.e case, of record, and when copies aıe to be served to serve a certified copy.

SECOND—The proceedings in this case set aside because of irregular'ty, but without prejudice to the plantiffs.

Rule to show cause why an attachment shall not issue. Opinion by HANDLEY J., January 27, '79.

The plaintiffs in this case presented their affidavit in form, setting forth specially the violation of the injunction in this proceeding. The Court directed the counsel to file this affidavit and thereupon, at Chambers,granted a rule to show cause, on the 6th day of January 1879, and made the same returnable on the 18th day of January, the same year. Subsequent to all this the counsel employed by the City and the counsel for the plaintiffs, entered into a written agreement that the hearing on the rule shall be at Chambers in the City of Scranton. At the coming in of the rule it was discovered that the affidavit upon which the rule is based, was not filed of record in the Court of Common Pleas of Luzerne County, and that the order of the Judge at Chambers, granting the rule, and the rule were not filed of record. Whereupon counsel for the City and other defendants moved to have the same set aside because of this irregularity.

· The process of attachment for contempt is a summary remedy which has been exercised by the Courts of England as far back as the annals of the law extend. 4 Bl.Com 286; Com. vs. Snowden 1 Brewster 218. An attachment, however, in civil proceeding, partakes of the nature of a civil remedy, to enforce obedience to the decree, not merely to punish for the contempt: Tome's appeal 14 Wright 296; Com vs. Reed 9 P. F. Smith 429.

The copy served on each of the defendants is no doubt a true and correct copy of the affidavit and of the rule, but it is not a certified copy under the seal of the Court. Hence the paper served is nothing more in the eyes of the law, than a private note of counsel to the parties named therein to appear and answer. It is needless to say that such a service in attachment proceeding for contempt, is not within the meaning or spirit of equity pro

ceedings.　Killiam's estate 2 W. N.　684 ;. Chew's estate; W. N. 392.

We therefore order and direct that all proceedings had under this rule, be set aside; costs to abide. the · event of the suit; and that the plaintiffs be allowed to commence *de novo*.

J. H. Campell for Rule.

Amerman and Burns, Contra.

---

## NOTES OF RECENT DECISIONS.

Marriage and Divorce.　Bill of husband to annul marriage for duress; alimony pendente lite.—Where a bill is filed by the husband to annul the marriage on the ground of duress, the wife is entitled to alimony pendente lite. [Vroom vs. Marsh. Sup. Ct. of N. J. 1878.]

The master of a vessel received certain goods under an agreement to transport them to the place of delivery, collect advances and charges thereon, and repay the same to the party from whom he received them.　Held, That the contract was a maritime one on which a libel in rem could be sustained.

The master of the vessel has authority to bind the owners by such contracts, wherever it is shown to be customary, and especially where it is sanctioned by such owners.

A libel in rem will lie for tolls imposed by a State statute in favor of corporations organized for the improvement of rivers and harbors. [The St. Joseph U. S. Dist. Ct. E. D. Mich.]

A joint action upon an undertaking on appeal against the appellants and their sureties, cannot be maintained where the appellants were not parties to the undertaking. [Delancey, ex'r' respt., vs. Stearns et al., applts. N. Y. Sup. Ct. April 23, 1878.]

In January, 1861, defendant was indebted to plaintiff

for money loaned. In 1866 he made a payment thereon, and in 1871 he executed and delivered to her an instrument in writing as follows: "Received, January, 1867, from Mrs. J. B. Kincaid, the sum of $1,600, for which I agree to pay interest at the rate of seven per cent. from this date. Paid, January, 1866, to Mrs. Kincaid, on the above, two hundred dollars." Held, That such instrument was a sufficient acknowledgment to take the case out of the statute; that interest on the claim ran from January, 1861, and that the date of execution of the instrument might be shown by parol proof. [Kincaid, respt.,vs. Archibald, applt., N. Y. Ct. of Appls. April 2, 1878.]

———o———

Apropos of the verdict in the celebrated Thistleton case at Los Angelos, which cleared the defendant of libel, while the jury signed a paper declaring the prosecutor pure and free from the charge in the libel,we are reminded of a trial that took place in Justice Wilson's Court at San Diego. A man accused of stealing sheep was on trial. After the evidence was all in, the jury retired, and, as in the Thistleton case, stood eleven for acquittal and one for guilty. Finally the twelfth man agreed to join the others provided they would sign a verdict as follows: "We the jury, find the defendant not guilty, but request that he return the sheep." Pertinent to the reason assigned by the Thistleton jury, that "they did not wish to put the county to further expense," we have another verdict by the San Diego jury, in a case tried before the same justice. A negro woman had sued a man for assault with a stone. The accused was put upon the stand, and admitted that he had thrown the stone. Notwithstanding, the jury brought in a verdict of not guilty. In conversation afterward, the members of the jury defended this curious verdict on the ground that taxes were already too high, and they did not wish to put the county to additional expense.